JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Director of Ohio Department of Job and Family Services ("ODJFS") appeals from the trial court's journal entry in this case that sustained appellee Cuyahoga County Auditor Office of Human Resources' (the "Auditor"), appeal from the decision of the Ohio Unemployment Compensation Review Commission (the "Commission"). The Commission granted a former employee's application for determination of benefits without notice to the Auditor, since it was not claimant's "most recent employer." The trial court determined that the Auditor, whose account was charged with paying claimant's Unemployment Compensation Benefits, was an "interested party" and, therefore, entitled to notice of the Commission's determination. For the reasons that follow, we reverse and remand.
 {¶ 2} The relevant facts are not in dispute. Claimant, Charles Smiley, was employed by the Auditor between October 1, 2001 to September 30, 2002. Claimant was terminated for violation of work rules. Subsequently, he obtained employment at CBS Personnel Services from November 27, 2002 until March 20, 2003, when he was separated from employment for lack of work. On March 25, 2003, claimant filed an application for unemployment compensation. On March 26, 2003, claimant completed a request for base period information disclosing his previous employment with the Auditor. ODJFS issued requests to employer for separation information to CBS Personnel as well as the Board of Cuyahoga County Commissioners, Office of Human Resources on March 25, 2003.
 {¶ 3} On April 19, 2003, ODJFS sent a determination of unemployment compensation benefits to CBS Personnel and claimant. The determination allowed claimant's application for the week ending March 29, 2003, for the reason that claimant became unemployed from his most recent employer due to "lack of work." ODJFS did not send the determination to the Auditor because it was not claimant's most recent employer. The Auditor thus could not appeal the decision regarding the claimant's application.
 {¶ 4} The Auditor was notified it was potentially responsible for paying $8,190 of claimant's Unemployment Compensation Benefits as the base period employer. The Auditor exhausted all administrative appeals. Both the initial determination and the Director's redetermination were affirmed. The trial court sustained the Auditor's appeal and remanded the matter to the Commission to allow the Auditor, as an "interested party," the right to participate in a hearing on the issues of eligibility pursuant to R.C. 4141.28(C) as well as afford the Auditor the right to appeal the decision.
 {¶ 5} The sole assignment of error is as follows:
 {¶ 6} "I. The Common Pleas Court erred in remanding this case to the Unemployment Compensation Review Commission for a hearing on claimant's eligibility for benefits. Appellee, a reimbursing base period employer, was not claimant's most recent employer and thus is not an interested party to the determination of claimant's reason for separation."
 {¶ 7} We are called upon to determine whether a base period reimbursing employer, whose account is potentially chargeable with the entire unemployment compensation claim, has a right to participate in, and appeal from, the determination of claimant's eligibility for unemployment compensation benefits based on the claimant's separation from the most recent employer.[1]
 {¶ 8} In this case, claimant did not qualify for unemployment compensation following his separation from employment with the Auditor. R.C. 4141.29(D)(2)(a). But Claimant subsequently secured new employment that potentially requalified him for unemployment compensation when he was separated from CBS Personnel in March 2003. R.C. 4141.29(G). The Auditor did not receive the determination of benefits that allowed claimant's application for unemployment benefits. Instead, the Auditor received a notice of determination of benefits advising that $8,190 was potentially chargeable to it as the base period employer.[2]
 {¶ 9} ODJFS contends that the Auditor is not entitled to notice concerning the claimant's eligibility for benefits under R.C. 4141.28(E), which are determined with reference to claimant's separation from his most recent employer. We agree. The statute provides in relevant part:
 {¶ 10} "(E) Claim for Benefits
 {¶ 11} "The director shall examine the first claim and any additional claim for benefits. On the basis of the information available, the director shall determine whether the claimant's most recent separation and, to the extent necessary, prior separations from work, allow the claimant to qualify for benefits. Written notice of the determination granting or denying benefits shall be sent to the claimant, the most recent separating employer, and any other employer involved in the determination, except that written notice is not required to be sent to the claimant if the reason for separation is lack of work and the claim is allowed."
 {¶ 12} In this case, it was not necessary for the director to consider the reasons for claimant's prior separations from work to determine whether he qualified for unemployment benefits following his separation from his most recent employer. "If the most recent job meets the requirements, the investigation ends." Frato v. Board of Revision
(1991), 77 Ohio App.3d 193, citing Noaks v. ITT Jabsco (June 14, 1985), Clark App. No. 2069. There were no other employers, besides CBS Personnel, that were involved in the director's determination under R.C.4141.28(E). Accordingly, the director was not required by law to provide notice to anyone except claimant and his most recent employer.
 {¶ 13} We understand the Auditor's concerns and desire to receive notice; particularly under these circumstances where it is charged with the entire claim. Nonetheless, the statute does not require such notice. The assignment of error is sustained.
Judgment reversed and cause remanded for further proceedings.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Kilbane, J., concur.
[1] The Auditor does not dispute that as a reimbursing employer it is not entitled to have any potential charges transferred to the mutualized fund. R.C. 4141.242 and R.C. 4141.29(H).
[2] The Auditor submitted numerous eligibility/overpayment notices that Unemployment Compensation Benefits have been improperly paid to the claimant due to his separation from its employment for just cause. That issue is not before us in this appeal.